2004-NMCA-052

90 P.3d 506

Richard C. MANNING and Edwina Manning, Individually and as community property owners and d/b/a Challenge Mining Company, Plaintiffs–Appellants,

v.

MINING AND MINERALS DIVISION OF THE ENERGY, MINERALS, AND NATURAL RESOURCES DEPARTMENT OF THE STATE OF NEW MEXICO and New Mexico Environment Department, Defendants–Appellees.

No. 23,396.

Court of Appeals of New Mexico.

Jan. 28, 2004.

Certiorari Granted, No. 28,500, May 11, 2004.

Pete V. Domenici, Jr., Lorraine Hollingsworth, Dolan & Domenici, P.C., Albuquerque, NM, for Appellants.

Jerry A. Walz, Robert A. Bitterlich, Walz and Associates, Cedar Crest, NM, for Appellees.

*OPINION*

ALARID, Judge.

{1} This case turns upon the State's sovereign immunity. We hold that Plaintiffs' federal constitutional claims asserted against two State agencies are barred by New Mexico's sovereign immunity.

**BACKGROUND**

{2} Plaintiffs–Appellants, Richard C. and Edwina Manning d/b/a Challenge Mining Company (Plaintiffs), filed a second amended complaint asserting federal constitutional claims for money damages against Defendants–Appellees, Mining and Minerals Division of the Energy, Minerals, and Natural Resources Department of the State of New Mexico (MMD), and New Mexico Environment Department (NMED) (collectively Defendants). Plaintiffs alleged that they are the owners of property and property rights acquired for the purposes of mining, milling, and smelting operations. Plaintiffs alleged

that Defendants have enforced various state environmental laws so as to prevent Plaintiffs from carrying on Plaintiffs' contemplated commercial operations. Plaintiffs asserted that Defendants' actions (1) constituted a regulatory taking of Plaintiffs' property in violation of the Fifth Amendment of the United States Constitution; (2) deprived Plaintiffs of their right to due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and (3) substantially impaired Plaintiffs' contractual relationships in violation of the Contract Clause of Article I, Section 10 of the United States Constitution.

{3} Defendants moved for summary judgment on several grounds, including ripeness and sovereign immunity. The district court granted summary judgment in favor of Defendants based on ripeness. Plaintiffs appealed.

## DISCUSSION

{4} After this appeal was briefed and assigned to a panel, this Court requested supplemental briefs addressing the effect on this appeal of the Supreme Court's decision in *Cockrell v. Board of Regents of New Mexico State University*, 2002–NMSC–009, 132 N.M. 156, 45 P.3d 876.[1] In *Cockrell*, our Supreme Court derived from the United States Supreme Court's decision in *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) the principle that "[New Mexico], by virtue of its sovereign role in the Union, is constitutionally immune from private suits for damages under a federal statute." *Cockrell*, 2002–NMSC–009, ¶ 15, 132 N.M. 156, 45 P.3d 876. The Supreme Court held that the judicial abrogation of sovereign immunity accomplished by *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975), was limited to "common law causes of action," and that "it is within the sole province of the Legislature to waive the State's constitutional sovereign immunity." *Cockrell*, 2002–NMSC–009, ¶¶ 12–13, 132 N.M. 156, 45 P.3d 876. We *sua sponte* raised sovereign immunity because we are persuaded that the State's sovereign immunity as discussed in *Cockrell* is not merely

immunity from liability for damages, it is immunity from a *suit* seeking such damages, *see Handmaker v. Henney*, 1999–NMSC–043, ¶¶ 12–14, 128 N.M. 328, 992 P.2d 879 (contrasting State's immunity from suit on unwritten contract with State's immunity from liability under Tort Claims Act); and, that reaching the merits of a federal claim that is barred by the State's sovereign immunity deprives the State of its "entitlement not to . . . face the . . . burdens of litigation," *id.*, ¶ 13 (quoting *Carrillo v. Rostro*, 114 N.M. 607, 615, 845 P.2d 130, 138 (1992)) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)) (internal quotation marks omitted).

{5} Two sub-questions are not in dispute. First, Plaintiffs do not argue that MMD and NMED are not "the State" for purposes of sovereign immunity. Second, Plaintiffs do not argue that the Legislature has waived New Mexico's immunity. Accordingly, we limit our analysis to the question of whether federal law overrides New Mexico's sovereign immunity from Plaintiffs' suit seeking money damages for alleged violations of the United States Constitution.

{6} In *Alden*, the Supreme Court rejected the contention that "substantive federal law by its own force necessarily overrides the sovereign immunity of the States." *Alden*, 527 U.S. at 732, 119 S.Ct. 2240. The Supreme Court did not limit its observation to federal statutes; indeed, it noted that it previously had sustained a state's immunity "in a private suit arising under the *Constitution itself.*" *Alden*, 527 U.S. at 732, 119 S.Ct. 2240 (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)) (emphasis added). We conclude that New Mexico's sovereign immunity is not limited to federal statutory causes of action and that it applies to claims for damages asserted directly under the United States Constitution. *E.g. Hans*, 134 U.S. at 10, 10 S.Ct. 504 (holding State of Louisiana immune from suit in federal court on a claim for money damages asserted under the Contracts Clause); *see generally* Laurence H. Tribe, *American Con-*

---

1. *Cockrell* was decided after the issues in this case had been argued and decided by the trial court. Defendants' memorandum in support of

their motion for summary judgment relied upon the United States Supreme Court's decision in *Alden*.

*stitutional Law* 176 (2d ed.1988); *cf. Lynch v. United States*, 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434 (1934) (observing that the sovereign immunity of the United States "applies alike to causes of action arising under acts of Congress, and to those arising from some violation of rights conferred upon the citizen by the Constitution") (internal citations omitted).

{7} Because federal substantive law does not abrogate New Mexico's sovereign immunity "by its own force," we must be persuaded (1) that Congress has the authority to override the sovereign immunity of the states and (2) that it has exercised this authority to subject non-consenting states such as New Mexico to private suits for money damages. *Alden*, 527 U.S. at 756, 119 S.Ct. 2240. Beginning with *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court has repeatedly held that Congress lacks authority under Article I to abrogate the sovereign immunity of a non-consenting state. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 364, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (collecting cases). In view of these holdings, Section 5 of the Fourteenth Amendment is the only provision in the Constitution of which we are aware pursuant to which Congress could have abrogated New Mexico's immunity from Plaintiffs' suit for money damages. *Nev. Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 724–28, 123 S.Ct. 1972, 1976–77, 155 L.Ed.2d 953 (2003). Although Congress has the authority under Section 5 to override the state's sovereign immunity and to subject non-consenting states to private suits for money damages for violations of the Constitution, it has not exercised this authority. 42 U.S.C. § 1983, the most obvious example of a statute enacted by Congress pursuant to Section 5 of the Fourteenth Amendment, does not override the states' traditional sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Plaintiffs have not cited, and we are not aware of, any other Section 5 legislation that would authorize Plaintiffs to bring their constitutional damages claims against a non-consenting state.

{8} Plaintiffs point out that they have asserted a claim directly under the Contract Clause, which applies to the states by its own terms. Plaintiffs' attempt to assert a claim directly under the Contract Clause, which is found in § 10 of Article I of the Constitution, runs up against the United States Supreme Court's holdings that federal substantive law does not of its own force override the sovereign immunity of the states and that Congress lacks the authority under Article I to subject non-consenting states to private suits for money damages. Moreover, Plaintiffs' Contract Clause claim is barred by the venerable authority of *Hans*.

{9} Plaintiffs, citing *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), argue that their takings claim is "self-executing." As Plaintiffs correctly observe, the Supreme Court has referred to the constitutional requirement of just compensation under the Takings Clause of the Fifth Amendment as "self-executing." *First English*, 482 U.S. at 315, 107 S.Ct. 2378 (internal quotation marks and citation omitted). Plaintiffs' argument based upon the self-executing character of just compensation presents us with two separate inquires. One inquiry is whether the Takings Clause provides a damages remedy. We will assume, without deciding, that the self-executing character of the requirement of just compensation under the Takings Clause obviates the need for a statutory damages remedy and allows Plaintiffs to plead a claim for damages directly under the Constitution without invoking § 1983 or other enabling legislation. A second inquiry is whether, assuming the existence of a direct action for damages under the Takings Clause, that remedy may be asserted in a private action against a non-consenting state. *First English* did not involve a suit against a state or an arm of the state, and therefore the Supreme Court was not called upon to decide whether a non-consenting state would be immune from a suit seeking just compensation under the Takings Clause. *Harrison v. Hickel*, 6 F.3d 1347, 1352 (9th Cir.1993); *see also* Robert Brauneis, *The First Constitutional Tort: The Remedial Revolution in Nineteenth–Century State Just Compensation Law*, 52

Vand. L.Rev. 57, 138 n. 344 (1999) (noting that defendant in *First English* was a county); *Alden,* 527 U.S. at 756, 119 S.Ct. 2240 (observing that a state's sovereign immunity bars suits against the state itself, but not "lesser entities," and that "immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State").

{10} The Takings Clause of the Fifth Amendment does not directly apply to the states. *Barron v. Mayor and City Council of Baltimore,* 32 U.S. (7 Pet.) 243, 8 L.Ed. 672 (1833). It applies to the states through the Due Process Clause of the Fourteenth Amendment, *First English,* 482 U.S. at 310, 107 S.Ct. 2378, n. 4; *see also* 2 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance and Procedure* 523 (3d ed.1999). Even if we assume that the self-enforcing character of the remedy afforded by the Takings Clause allows Plaintiffs to plead a damages claim directly under the Fifth and Fourteenth Amendments, Plaintiffs still must overcome New Mexico's sovereign immunity. Plaintiffs face "[t]he logical implication from *Quern* ... that if § 1983 did not abrogate traditional [sovereign] immunity, Section 1 of the Fourteenth Amendment by itself surely does not; otherwise there would have been no sovereign immunity left intact for Congress to have failed to abrogate when passing § 1983 in 1871." *Santiago v. N.Y. State Dep't of Corr. Servs.,* 945 F.2d 25, 31 (2d Cir.1991).

■ {11} We recognize that the Supreme Court's reference in *First English* to the self-executing character of the Takings Clause suggests "two paths of development." Brauneis, *supra,* at 138 n. 344. First, it could be read to support the argument that the Fifth Amendment as incorporated by the Fourteenth Amendment both creates a damages remedy and abrogates the sovereign immunity of the defendant. *Id.* Two state appellate courts have interpreted the Takings Clause in this way. *Boise Cascade Corp. v. State,* 164 Or.App. 114, 991 P.2d 563 (1999); *SDDS, Inc. v. State,* 650 N.W.2d 1 (S.D.2002). However, neither of these courts appears to have recognized that, notwithstanding the self-enforcing character of the Takings Clause, the Supreme Court has never held that the Takings Clause overrides the sovereign immunity of the United States, against which it is directly applicable, or of the states, to which it applies through the Fourteenth Amendment. *See* Brauneis, *supra,* at 137–38. A second approach to the self-enforcing character of the Takings Clause is that it merely provides a damages remedy against those lesser entities such as counties or municipalities that do not share the state's sovereign immunity. *Id.* at 138 n. 344. We believe that this second approach is more consistent with the absence of Supreme Court precedent holding that the Takings Clause overrides state or federal sovereign immunity from suits for money damages and with the Supreme Court's recent pronouncements in *Alden* regarding the structural significance of state sovereign immunity in the federal system established by the Constitution.

{12} For the reasons given above, we conclude that federal law does not override New Mexico's sovereign immunity from suit on the federal constitutional claims asserted by Plaintiffs.

## CONCLUSION

{13} We affirm the order of the district court dismissing Plaintiffs' complaint with prejudice.

{14} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CYNTHIA A. FRY, Judges.